**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOCELYN DAVIES, ET AL., | : |
| PLAINTIFFS, | : CIVIL ACTION NO. 2:04-CV-1204 |
| V. | : JUDGE MARBLEY |
| MAXIM HEALTH SYSTEMS, LLC, ET AL., | : MAGISTRATE JUDGE KING |
| DEFENDANTS. | : |

**AMENDED STIPULATION AND QUALIFIED PROTECTIVE ORDER GOVERNING PRIVATE HEALTH INFORMATION AS DEFINED BY THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT**

The parties hereto having agreed to the necessity of maintaining the confidentiality of Protected Health Information as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d, et seq. and its Privacy Standards (the "Regulations"), 45 C.F.R. Part 160 and Part 164, the parties stipulate to and the Court makes the following amended findings of fact, which supersede and replace the findings of fact in Docket No. 25:

A. On December 17, 2004, Plaintiffs Jocelyn Davies and Mohamed Dabor (collectively "Plaintiffs") filed the instant action on their own behalf and on behalf of current and former employees of Defendants allegedly similarly situated to Plaintiffs, wherein they claimed that Defendants Maxim Healthcare Services, Inc. and Maxim Health Systems, LLC violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("Ohio Act") by failing to pay Plaintiffs and potential opt-ins and/or putative class members overtime compensation when they worked for Defendants. (See First Amended Collective Action and Class Action Complaint, at ¶¶ 1, 12, 13, 20.) The Plaintiffs were employed as Home Health Aides.[1]

---

[1] Defendants assert that no Home Health Aides, including Plaintiffs, ever were employed by Defendant Maxim Health Systems, LLC. The reference to Defendants herein is intended to refer to Plaintiffs' allegations and is not an admission by Defendants that Maxim Health Systems, LLC is a proper party to this action, that Maxim Health Systems, LLC employed Plaintiffs, that Maxim Health Systems, LLC has employed any individual performing tasks similar to those performed by Plaintiff, or that Maxim Health Systems, LLC has employed Home Health Aides.

B. Defendants maintain that Plaintiffs, including potential opt-ins and/or putative class members, are and were exempt from the overtime requirements of the FLSA because they are and were employed in domestic service employment to provide companionship services for individuals who, because of age or infirmity, are unable to care for themselves (the "Companionship Services Exemption"). (See Amended Answer of Defendants to the First Amended Collective Action and Class Action Complaint, at Affirmative Defenses Nos. 2, 6-10.)

C. By oral order on August 10, 2005, the Court held that it was permissible for named Plaintiff Davies to attend the deposition of named Plaintiff Dabor that was to take place that same day. In so holding, the Court declared that the order satisfied the minimum necessary requirements of the Privacy Standards of the Health Insurance Portability and Accountability Act (HIPAA) found in 45 C.F.R. Parts 160 and Part 164 (the "Regulations"), and specifically 45 C.F.R. § 164.502(b). Relying on the August 10, 2005 order, named Plaintiff Dabor attended the deposition of named Plaintiff Davies, which took place on August 11, 2005.

D. Plaintiffs have requested that Defendants produce documents reflecting the hours each Plaintiff worked, documents reflecting the actual tasks each Plaintiff performed, including every "Daily Note," and documents reflecting the actual tasks performed since 1999 by Home Health Aides and/or employees of Defendants performing job duties similar to those performed by Plaintiffs, including every "Daily Note." (See Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendants, at Document Requests Nos. 1 and 2.) Home Health Aide Daily Notes record the tasks performed for each client on each day and the amount of time spent serving the client for the day. Plaintiffs also have requested the production of Home Health Aide Care Plans ("Care Plans"), which provide a Home Health Aide with instruction on the services that they are to perform for a client.

E. Defendants maintain that documents responsive to Plaintiffs' requests also may include Home Health Aide (HHA) Weekly Notes ("Weekly Notes"), which record the tasks performed for each client each week and the amount of time spent servicing the client each week.

      F.     In describing homecare employees' duties and tasks, Care Plans, Daily Notes, and Weekly Notes variously contain information about Defendants' clients regarding:

- the client's name, address and/or other personally identifiable information;
- the client's ability to communicate;
- the client's need for a general assistive device, such as crutches or a wheelchair;
- any necessary precautions, such as self-harm precautions or bleeding precautions;
- the client's psychosocial and cognitive state;
- the client's general medical diagnosis;
- the client's mental status;
- the client's vital signs;
- the client's need for assistance with bathing tasks and actual bathing tasks, if any, performed for the client;
- the client's need for assistance with personal tasks, such as skin care or mouth care, and actual personal tasks, if any, performed for the client;
- the client's need for assistance with mobility and actual assistance with mobility, if any, performed for the client;
- the client's dietary needs and actual assistance with dietary needs, if any, performed for the client; and
- the client's need for assistance with toileting/elimination and actual toileting/elimination tasks, if any, performed for the client.

      G.     Defendants maintain that, along with the Daily Notes, Weekly Notes, and Care Plans, Plaintiffs' requests also may call for the production of Infomax Shift Detail Reports. Infomax Shift Detail Reports record, among other things, the time each Home Health Aide spent servicing each client throughout his or her tenure, the dates of such service, the rate charged to the client for such service, employee pay rates for such service, employee total pay for such service, and the payroll date on which the employee was paid for performing such service. The Infomax Shift Detail Reports do not provide information about the tasks performed for each client.

      H.     Further, Plaintiffs have requested that Defendants produce "nurse's reports for all clients of plaintiffs Jocelyn Davies and Mohamed Dabor for the time period January 1, 2000 to the present." (See Plaintiff's Fourth Set of Interrogatories and Requests for Production of Documents to Defendants, Interrogatory No. 1.)

      I.     Defendants maintain that documents responsive to Plaintiffs' request may include documents entitled "Supervisory Notes," which contain, among other things, patient vital signs and registered nurse handwritten notes regarding individual patient care and treatment; documents entitled "Patient Care Conference Notes," which contain registered nurse handwritten

notes regarding current patient problems, patient progress, interventions, and plans for continued care; documents entitled "Nurses Notes," which contain registered nurse handwritten notes regarding individual patient care and treatment; documents entitled "60-Day Summary," which include patient vital signs and registered nurse handwritten notes regarding individual patient care and treatment; and documents entitled "Progress Notes," which may contain registered nurse handwritten notes regarding individual patient care and treatment.

      J.      Certain information contained in the Care Plans, Daily Notes, Weekly Notes, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and Progress Notes constitutes Protected Health Information ("PHI"), which is defined by the Regulations as information created by a health care provider that relates to the past, present, or future physical or mental health of Defendants' clients; the provision of health care to Defendants' clients; or the past, present, or future payment for the provision of health care to Defendants' clients.  See 45 C.F.R. § 160.103.

      K.      The Care Plans, Daily Notes, Weekly Notes, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and Progress Notes are not compiled by a physician or for a physician.

      L.      Certain affiliates within Defendants' business are "covered entities" under the Regulations.  See 45 C.F.R. § 160.103.  This means that, if Defendants are covered entities, they may disclose the PHI of their clients only as permitted or required by the Regulations.  See 45 C.F.R. § 164.502(a).

      M.      Under one method of permissible disclosure set forth in the Regulations, a covered entity may disclose PHI in judicial proceedings pursuant to a Qualified Protective Order.  See 45 C.F.R. §§ 164.512(e)(1)(ii)(B); 164.512(e)(iv)(A).  A Qualified Protective Order is an order of a court or a stipulation by the parties to a litigation that prohibits use or disclosure of the PHI for any purpose other than the litigation for which such information was requested, and requires either the return to the covered entity or the destruction of the PHI (and all copies made) at the end of the litigation.  See 45 C.F.R. § 164.512(e)(v).

N.	When disclosing information under a Qualified Protective Order, a covered entity must make reasonable efforts to limit PHI to the minimum necessary to accomplish the intended purpose of the disclosure.  See 45 C.F.R. § 164.502(b).

O.	Production of Care Plans, with the client social security number redacted, and production of Daily Notes, Weekly Notes, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and Progress Notes without redaction meets the minimum necessary standard in the Regulations.  Data recorded in the Care Plans, Daily Notes, and Weekly Notes, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and Progress Notes includes information that is relevant to the question of whether an individual falls within the Companionship Services Exemption; namely, information about the nature of and time spent on tasks performed by Plaintiffs or a potential opt-in and/or putative class member for each client they served.  Thus, although this information about tasks may include PHI of Defendants' clients, it is relevant to the determination of whether Plaintiffs or any of the individual potential opt-ins and/or putative class members fall within the Companionship Services Exemption and, thus, were not or are not entitled to overtime pay under the FLSA.  There is no document that provides information equivalent to that contained in the Care Plans, Daily Notes, Weekly Notes, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and Progress Notes.

P.	The Court finds that the parties do not have alternative, effective means of obtaining the information available in the Care Plans, Daily Notes, Weekly Notes, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, or Progress Notes.  Further, there is no practicable way to remove the PHI from the Care Plans, Daily Notes, Weekly Notes Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, or Progress Notes while still maintaining the usefulness of those documents in litigation and the attempted redaction of PHI

from the millions of pages of such documents potentially relevant to this case would be extremely burdensome.

## CONCLUSIONS

In order to allow the Plaintiffs to pursue their claims and the Defendants to defend themselves against those claims, and to enable the parties to do so in compliance with HIPAA and the Regulations, the parties have stipulated to the entry of a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure to allow production of the minimum necessary PHI.  Based on those stipulations and the amended findings of fact above, and it appearing to the Court that an Amended Qualified Protective Order, which supersedes and replaces the protective order in Docket No. 25, is necessary and appropriate, IT IS HEREBY ORDERED THAT the parties shall follow the steps outlined below, and those steps shall supersede and replace the steps outlined in Docket No. 25 and shall comprise reasonable efforts to ensure that only the minimum necessary PHI is disclosed:

1. Defendants will designate as "PHI/Confidential" any Care Plans, Daily Notes, Weekly Notes, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and Progress Notes that contain the PHI of Defendants' clients by stamping or labeling each page of such document "PHI/Confidential."  Defendants also will redact the clients' social security numbers from all Care Plans.  All Care Plans, Daily Notes, Weekly Notes, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and Progress Notes information produced in this action by Defendants and designated as PHI/Confidential shall be subject to the provisions of this Order.

2. Subject to Rules 26 and 37 of the Federal Rules of Civil Procedure, this Qualified Protective Order, and such other orders as the Court may enter, Plaintiffs may review the Care Plans, Daily Notes, Weekly Notes, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and Progress Notes produced in discovery in this case.

   3. Pursuant to 45 C.F.R. § 164.512(e)(v), documents and information designated PHI/Confidential in accordance with this Order and produced in discovery in this case shall be used solely for the purpose of this action, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and trial and appeal of this action; (c) Plaintiffs Jocelyn Davies and Mohamed Dabor, but only to the extent that the information disclosed to Plaintiffs Davies or Dabor relates to services that Plaintiff Davies or Plaintiff Dabor provided to the individual whose information is disclosed <u>provided</u>, <u>however</u>, that pursuant to the Court's telephonic order of August 10, 2005, Plaintiff Davies could attend the August 10, 2005 deposition of Plaintiff Mohamed Dabor, even when PHI was disclosed, and Plaintiff Dabor could attend the August 11, 2005 deposition of Plaintiff Jocelyn Davies, even when PHI was disclosed; (d) members of the putative class of Home Health Aides, but only to the extent that any information disclosed to such putative class member relates to services directly provided by that putative class member; (e) the principals, officers, agents and employees of Defendants; (f) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (g) deponents and trial witnesses in this action to the extent that any such deponents or trial witnesses fall within categories (c), (d), (e) or (f), <u>supra</u>; and (h) the Court, Court personnel, court reporters, and jurors.  PHI/Confidential documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (h) of this paragraph. No such documents or information designated as PHI/Confidential pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, and/or appeal of this action.

   4. All depositions in this matter shall be deemed to be confidential and the transcripts of all such depositions shall be maintained as PHI/Confidential.

5. Any person who is to obtain access to PHI/Confidential documents or information pursuant to paragraph 3 (a), (b), (c), (d), (f) or (g) of this Order, other than Defendants' counsel (including its legal, clerical, paralegal, or other staff) and/or other business associates of Defendant, shall prior to receipt of such PHI/Confidential documents or information (i) be informed by the party providing access to such PHI/Confidential documents or information of the terms of this Order; (ii) agree in writing to be bound by the terms of this Order by executing the attached Agreement; and (iii) submit to the authority of this Court for enforcement of this Order.  Rather than executing the attached Agreement, the undersigned Plaintiffs' counsel and their legal, clerical, paralegal and other internal staff are expressly bound to comply with this Stipulation and Qualified Protective Order by the signatures of co-counsel below.

6. If counsel for a party herein shall hereafter desire to make PHI/Confidential documents or information available to any person other than those referred to in paragraph 3 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure, and inform counsel for the opposing party of his/her desire.  The parties then shall jointly inform the Court of (i) the intended disclosure; and (ii) proposed terms and conditions of disclosure to persons not enumerated in paragraph 3.  Disclosure then may be made only on such terms as the Court may order.

7. If Plaintiffs object to the designation of any document or information as PHI/Confidential, counsel for Plaintiffs shall notify counsel for Defendants of the objection.  If disputes regarding the objection cannot be resolved by agreement, counsel for Defendants will move this Court for an order affirming that the documents or information in question are properly subject to this Order.  The documents or information in question shall be considered PHI/Confidential pending ruling on the motion.

8. In the event that any PHI/Confidential document or PHI/Confidential information is included with or in any way disclosed by any pleading, motion, or paper filed with the Court, such PHI/Confidential document or PHI/Confidential information shall be filed and kept under

seal by the Clerk until further order of the Court. Any use of such PHI/Confidential document or PHI/Confidential information shall be held under seal unless the Court orders otherwise.

9. Counsel for Plaintiffs shall maintain a list of all putative class members or other persons to whom they have disclosed PHI/Confidential information pursuant to paragraph 3 of this Order or to whom such information has been inadvertently disclosed.

10. Pursuant to 45 C.F.R. § 164.512 (e)(v), within twenty-one days after final termination of this action, including any appeals, counsel for Plaintiffs shall (a) gather all PHI/Confidential information or documents obtained in the case (including information and documents that Plaintiffs' counsel disclosed to persons referred to in paragraph 3, above), and return to counsel for Defendants all originals and copies of PHI/Confidential documents or documents reflecting PHI/Confidential information and (b) certify in writing that the provisions of this paragraph have been complied with.

11. Any document, exhibit, or transcript designated PHI/Confidential in accordance with this Order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to identify trial procedures, such as de-identification, filing under seal and/or in camera reviews, that will protect and maintain the non-public nature of the PHI.

12. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information does, or does not, constitute PHI or is admissible in this action or (b) prejudice in any way the right of any party to seek a Court determination of whether or not it should remain PHI/Confidential and subject to the terms of this Order and/or be accepted in evidence in this action. Any party to this Order may request the Court to grant relief from any provision of this Order.

13. Production of Daily Notes, Weekly Notes, Plans of Care, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and Progress Notes in the manner set forth in this Qualified Protective Order does not derogate

Ohio's physician/patient privilege. To the extent that any party believes that any Daily Notes, Weekly Notes, Plans of Care, Infomax Shift Detail Reports, Supervisory Notes, Patient Care Conference Notes, Nurses Notes, 60-Day Summaries, and/or Progress Notes contain information that is protected by state or federal laws other than HIPAA or Ohio's physician/patient privilege, the parties shall either reach an agreement as to how to comply with those laws or return to the Court for further consideration.

14. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

15. At the conclusion of this litigation following all appeals, all PHI/Confidential documents that are on file with the Court, whether those documents are filed under seal, as part of briefs or otherwise, shall be returned to the Defendants.

16. It is recognized by the parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as PHI/Confidential, or documents or information that are entitled to confidential treatment may erroneously not be designated as PHI/Confidential. Defendants may correct their PHI/Confidential designations, or lack thereof, and shall, at their own expense, furnish to counsel for Plaintiffs copies of the documents for which there is a change in designation.

This Amended Stipulation and Qualified Protective Order shall supersede and replace the prior order entered as Docket No. 25.

IT IS SO ORDERED:

<u>September 15, 2005</u>

                  <u>*s/Norah McCann King*</u>
                  UNITED STATES MAGISTRATE JUDGE

AGREED TO:

s/John S. Marshall
John S. Marshall (0015160) (*marshall@ee.net*)
Trial Counsel for Plaintiff
Edward R. Forman(0076651)(*eforman@ee.net*)
Co-Counsel for Plaintiff
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
Telephone: (614) 463-9790
Facsimile:  (614) 463-9780

s/Kent Spriggs
Kent Spriggs (kspriggs@spriggslawfirm.com)
Co-Counsel for Plaintiff
SPRIGGS LAW FIRM
324 West College Avenue
Tallahassee, Florida 32301
Telephone: (850) 224-8700
Facsimile:  (850) 224-8836

s/Louis A. Jacobs
Louis A. Jacobs (0002101)
(LAJOhio@aol.com)
Co-Counsel for Plaintiff
66871 Rayo del Sol
Desert Hot Springs, California  92240-1871
Telephone: (614) 203-1255
Facsimile:  (760) 288-2146

Attorneys for Plaintiff

s/Matthew W. Lampe
Matthew W. Lampe (0041996)
Trial Attorney
Brian G. Selden (0065654)
JONES DAY
P.O. Box 165017
Columbus, Ohio 43216-5017
Telephone: (614) 469-3939
Facsimile:  (614) 461-4198
mwlampe@jonesday.com
bgselden@jonesday.com

Glen D. Nager
(D.C. Bar No. 385405)
JONES DAY
51 Louisiana Avenue NW
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile:  (202) 626-1700
gdnager@jonesday.com

Attorneys for Defendants Maxim Healthcare Services, Inc. and Maxim Health Systems, LLC

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

| | |
|---|---|
| JOCELYN DAVIES, ET AL., | : |
| | : |
| PLAINTIFFS, | : CIVIL ACTION NO. 2:04-CV-1204 |
| | : |
| V. | : JUDGE MARBLEY |
| | : |
| MAXIM HEALTH SYSTEMS, LLC, ET AL., | : MAGISTRATE JUDGE KING |
| | : |
| DEFENDANTS. | : |
| | : |

**AGREEMENT TO BE BOUND BY AMENDED QUALIFIED PROTECTIVE ORDER GOVERNING PRIVATE HEALTH INFORMATION AS DEFINED BY THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT**

       I, _____, the undersigned, hereby acknowledge that I have received a copy of the Amended Qualified Protective Order Governing Private Health Information as Defined by the Health Insurance Portability and Accountability Act ("Order") entered in this action, which is attached hereto as Exhibit 1, have read the Order and agree to be bound by all of the provisions in it.  I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated "PHI/Confidential."  I agree not to disclose any such PHI/Confidential matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such PHI/Confidential matter solely in connection with my participation in this case.  I also agree to return to counsel for the party supplying documents or information to me, in accordance with the Order, any such PHI/Confidential materials as soon as my participation in the case is concluded.

Dated:  _____      _____

_____  _____
Print Address             Print Name